Affirmed.

HATHAWAY, C.J., and HOWARD, P.J., concur.

736 P.2d 11

**Ed MOORE, Plaintiff/Appellant,**

**v.**

**Stephen NEELY, Pima County Attorney, Defendant/Appellee.**

**No. 2 CA–CV 5855.**

Court of Appeals of Arizona, Division 2, Department B.

Feb. 12, 1987.

Reconsideration Denied March 24, 1987.

278

Stompoly & Even by Barry Kirschner, Tucson, for plaintiff/appellant.

Stephen D. Neely, Pima Co. Atty., and Smitherman & Sacks by William C. Smitherman, Tucson, for defendant/appellee.

## OPINION

LIVERMORE, Presiding Judge.

Plaintiff brought this special action to require defendant, the Pima County Attorney, to comply with A.R.S. § 11–532(A)(5, 6). Those subsections direct the county attorney to "deliver receipts for monies or property received in his official capacity and file duplicates thereof with the clerk of the board" and quarterly to "file with the board of supervisors an account, verified by oath, of all monies received by him in his official capacity during the preceding three months." The trial court ordered dismissal of the complaint or, in the alternative, summary judgment in favor of defendant. Defendant, although admitting that he has not complied with § 11–532, seeks to sustain this judgment on two grounds. First, he argues that by follow-

ing accounting procedures imposed by the county he has substantially complied with § 11–532. Second, he contends that plaintiff failed to exhaust administrative remedies. We disagree and reverse.

While a county board of supervisors may require more detailed accounting procedures under A.R.S. § 11–251(1), we see nothing in that statute that authorizes the board to excuse a county officer from compliance with state statutes. We do agree that if the information required by A.R.S. § 11–532 is available in substantially the form contemplated in records kept under an alternative method imposed by the board, then such substantial compliance with § 11–532 would be treated as actual compliance. It would not matter that plaintiff might prefer that the records be kept in another form. We cannot, however, from the record determine that such compliance has occurred or that it was the basis of the trial court's ruling. In these circumstances, summary judgment was premature.

We also do not believe that plaintiff had any administrative remedies to exhaust in this case. There is no administrative machinery in existence to review compliance by the county attorney with state statutes. Simply because other county agencies, such as the board of supervisors, might express an opinion as to the propriety of, or might even direct, compliance with § 11–532 does not mean that this is a remedy that must be sought prior to bringing suit. See *Rosenfield v. Malcolm*, 65 Cal.2d 559, 55 Cal.Rptr. 505, 421 P.2d 697 (1967).

Reversed.

HOWARD and LACAGNINA, JJ., concur.